RECEIPT
AMOUNT $ 150.—
SUMMONS ISSUED
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY CLK
DATE 7-13-04

Rec # 517203
7/13/04

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

NORTH AMERICAN SPECIALTY
INSURANCE COMPANY,

Plaintiff,

v.

MEDFORD ELECTRICAL
CONTRACTING CORPORATION, and
JOHN B. GIACALONE,

Defendants.

CIVIL ACTION NO.

**04-11552 RGS**

MAGISTRATE JUDGE Collings

## COMPLAINT

The Plaintiff, North American Specialty Insurance Company, for a cause of action against Medford Electrical Contracting Corporation, and John B. Giacalone, individually (hereinafter collectively referred to as the "Indemnitors" or "Defendants"), states as follows:

### PARTIES

1. The Plaintiff, North American Specialty Insurance Company ("North American"), is a corporation licensed to do business in Massachusetts with a principal place of business at 1200 Arlington Heights Road, Suite 400, Itasca, Illinois 60143.

2. The Defendant Medford Electrical Contracting Corporation ("Medford Electrical"), upon information and belief, is a Massachusetts corporation with a principal place of business at 1011 Fellsway, Medford, Massachusetts 02155.

3. The Defendant John B. Giacalone is an individual who, upon information and belief, resides at 5 Azalea Road, Winchester, Massachusetts, 01890.

## JURISDICTION

4. This Court has jurisdiction in this matter under 28 U.S.C. §1332 as North American has citizenship diverse from the Defendants, and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

## BACKGROUND

5. At all times relevant to this action, North American has been in the business of, among other things, issuing performance and payment surety bonds to various contractors to secure their performance on various construction projects.

6. Medford Electrical is or was in the business of construction contracting.

7. On or about December 31, 2000, Defendant John B. Giacalone ("Defendant Giacalone") submitted a Personal Financial Statement ("Financial Statement") to North American. A true and correct copy of the Financial Statement is attached hereto as Exhibit A, and incorporated herein by reference.

8. On or about June 6, 2001, the Defendants executed a General Indemnity Agreement ("GIA") in favor of North American. A true and correct copy of the GIA is attached hereto as Exhibit B, and incorporated herein by reference.

9. As a direct and proximate result of the Financial Statement and the GIA, and in reliance thereon, North American, as surety, executed Performance and Payment Bonds No. 188715 (the "Bonds") at the request and on behalf of Medford Electrical, as principal, for the benefit of ODF/Hoon/Peabody Joint Venture (the "Joint Venture"), as

obligee, to secure Medford Electrical's performance on the project known as "Academy Homes II" in Boston, Massachusetts (the "Project").

10. During construction, but prior to its completion, Medford Electrical defaulted on the Project.

11. As a direct result of Medford Electrical's default, North American is using the unpaid balance of Medford's subcontract to complete the work and pay the legitimate claims of subcontractors, suppliers, and laborers who are entitled to recover under the Bonds.

12. As a direct and proximate result of Medford Electrical's default, North American has sustained, and continues to sustain, losses in the form of costs to complete the Project and satisfy legitimate Payment Bond claims, attorneys' fees, expenses, and interest, in an amount in excess of $203,420.99.

13. The GIA (¶2) executed by the Defendants provides (in relevant part) that "[Defendants] will exonerate, hold harmless, and indemnify [North American] from and against any and all liability, loss, costs, damages, fees of attorneys and consultants, and other expenses, including interest, which [North American] may sustain or incur by reason of, or in consequence of, the execution of such bonds and any renewal, continuation or successor thereof, including but not limited to, sums paid for liabilities incurred in settlement of, and expenses paid or incurred in connection with claims, suits, or judgments under such bonds, expenses paid or incurred in enforcing the terms hereof, in procuring or attempting to procure a release from liability, or in recovering or attempting to recover losses or expenses paid or incurred, as aforesaid."

14. The GIA (¶3) further provides (in relevant part) that "if [North American] receives any claim or lawsuit asserting liability, or sets up a reserve to cover any liability, claim asserted, suit or judgment under any such bond, the [Defendants] will, immediately upon demand, and whether or not [North American] shall have made any payment therefore, deposit with [North American] a sum of money equal to such claim or reserve and any increase thereof as collateral security on such bond. "

15. The GIA (¶8) further provides (in relevant part) that "[North American] shall have the exclusive right to decide and to determine whether any claim, liability, suit or judgment made or brought against [North American] or the [Defendants], or any one of them, on any such bond shall or shall not be paid, compromised, resisted, defended, tried or appealed, and [North American's] decision thereon, if made in good faith, shall be final and binding upon the [Defendants] . . . and an itemized statement of payment made by [North American] for any of the purposes specified herein, sworn to by an officer of [North American], where the voucher or vouchers for such payments, shall be prima facie evidence of the liability of the [Defendants] to reimburse [North American] for such payments, with interest."

16. The GIA (¶16) further provides (in relevant part) that "at any time, and until such time as the liability of [North American] under any and all such bonds is terminated, [North American] shall have the right to reasonable access to the books, records, and accounts of the [Defendants]."

17. In accordance with its rights under the GIA, North American has made demand upon the Defendants to hold it harmless from all loss, costs, and expenses it

has incurred as a result of Medford Electrical's default. The Defendants have failed and/or refused to reimburse North American in accordance with their obligations under the GIA.

18. North American also expects to sustain further losses in the form of attorneys' fees and legal expenses as a result of this litigation, all of which are recoverable under the specific terms and conditions of the GIA.

19. North American has complied with all conditions precedent to commencing this action.

## COUNT I
### (Indemnity)

20. North American repeats and incorporates by reference the allegations contained in paragraphs 1 through 19, as if set forth at length here.

21. As a direct and proximate result of North American's execution of the Bonds on behalf of Medford Electrical and at the request of the Defendants, North American has sustained losses in excess of $203,420.99, and anticipates sustaining further losses and incurring additional expenses in investigating, defending and/or paying claims, and in prosecuting this claim for indemnity.

22. Despite demands from North American to the Defendants to hold North American harmless from all losses, costs, and expenses it incurred in connection with the Project, the Defendants have failed and/or refused to comply.

23. The Defendants are liable as indemnitors to North American for all losses, costs, and expenses incurred in relation to claims made on the Bonds, in addition to the

costs, expenses, and attorneys' fees incurred in prosecuting this action, all in accordance with the specific terms and conditions of the GIA.

## COUNT II
### (Common Law Indemnity)

24. North American repeats and incorporates by reference the allegations contained in paragraphs 1 through 23, as if set forth at length here.

25. As a direct and proximate result of North American's execution of the Bonds on behalf of and at the request of Medford Electrical, North American has sustained losses and expenses, and anticipates sustaining further losses and expenses including those associated with prosecuting this claim for indemnity.

26. Pursuant to North American's common law right of indemnity, the Defendants are liable to North American for all losses, costs, expenses, attorneys' fees, and interest incurred in relation to claims made on the Bonds, in addition to the costs, expenses, and attorneys' fees incurred in prosecuting this action.

## COUNT III
### (Breach of Contract)

27. North American repeats and incorporates by reference the allegations contained in paragraphs 1 through 26, as if set forth at length here.

28. Pursuant to the GIA, the Defendants are required to hold North American harmless, or otherwise reimburse North American for its losses and expenses as set forth above.

29. Despite demands from North American to the Defendants to reimburse North American for all of its incurred losses, the Defendants have refused to comply.

30. The Defendants' failure to make payment upon demand constitutes a breach of the GIA for which the Defendants are liable.

## COUNT IV
### (Specific Performance)

31. North American repeats and incorporates by reference the allegations contained in paragraphs 1 through 30, as if set forth at length here.

32. Pursuant to North American's rights under the GIA, the Defendants are required to deposit collateral acceptable to North American in an amount sufficient to indemnify North American with respect to all claims made on the Bonds.

## COUNT V
### (Specific Performance)

33. North American repeats and incorporates by reference the allegations contained in paragraphs 1 through 32, as if set forth at length here.

34. Pursuant to North American's common law rights, as well as its rights as set forth in the GIA, the Defendants are required to hold North American harmless from and against any and all liability for losses, costs and/or expenses, including attorneys' fees and interest, incurred by reason of having executed the Bonds.

## COUNT VI
### (Quia Timet/Exoneration)

35. North American repeats and incorporates by reference the allegations contained in paragraphs 1 through 33, as if set forth at length here.

36. By reason of the Bonds issued by North American at the request and on behalf of the Defendants, North American, if so adjudged, may be compelled to pay and satisfy claims and/or demands on the Bonds.

37. North American possesses the equitable rights of Quia Timet and Exoneration to demand that the Defendants adequately secure or collateralize North American prior to any payment by North American.

38. North American's loss of its equitable rights of Quia Timet and Exoneration constitutes an irreparable harm for which there is no adequate legal remedy.

## COUNT VII
### (Negligent Misrepresentation – Defendant Giacalone)

39. North American repeats and incorporates by reference the allegations contained in paragraphs 1 through 38, as if set forth at length here.

40. As an inducement to North American to issue the Bonds, North American relied on material representations made by Defendant John B. Giacalone as set forth in the Financial Statement dated December 31, 2000, identifying real property owned in the name of John B. Giacalone and Anna C. Giacalone.

41. Upon information and belief, the properties identified on the Financial Statement as owned by John B. Giacalone and Anna C. Giacalone were, in fact, owned in the name of Giacalone Realty Trust II (the "Giacalone Trust") at the time the Financial Statement was submitted to North American.

42. Defendant Giacalone knew or should have known that the material representations set forth in the Financial Statement with regard to the real property ownership were false. Defendant Giacalone failed to exercise reasonable care or competence in completing the Financial Statement.

43. North American relied on the material representations set forth in the Financial Statement as an inducement to issue the Bonds.

44. North American's reliance on the Financial Statement was reasonable and foreseeable to Defendant Giacalone. As a result of such reliance, North American has suffered damages.

45. Defendant Giacalone is liable to North American for all damages that North American has incurred as a result of Defendant Giacalone's material misrepresentations set forth in the Financial Statement.

## COUNT VIII
### (Fraud – Defendant Giacalone)

46. North American repeats and incorporates by reference the allegations contained in paragraphs 1 through 45, as if set forth at length here.

47. As an inducement to North American to issue the Bonds, North American relied on material representations made by Defendant John B. Giacalone in the Financial Statement identifying real property owned in the name of John B. Giacalone and Anna C. Giacalone.

48. Upon information and belief, the properties identified on the Financial Statement as owned by John B. Giacalone and Anna C. Giacalone were, in fact, owned in the name of Giacalone Realty Trust at the time the Financial Statement was submitted to North American.

49. Defendant Giacalone did act intentionally or recklessly to fraudulently misrepresent material facts regarding the ownership of the real property identified on the Financial Statement in order to defraud North American.

50. North American has suffered damages as a result of Defendant Giacalone's deliberate misrepresentations of said material facts.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, North American Specialty Insurance Company, prays that this Honorable Court enter judgment in its favor against the Defendants, jointly and severally, as follows:

(1) By entering an Order requiring the Defendants to immediately indemnify North American for all incurred losses, plus interest, costs, attorneys' fees, and any other incurred expenses;

(2) By entering an Order requiring the Defendants to allow North American to inspect and copy the books, records, and accounts of the Defendants;

(3) By entering an Order requiring the Defendants to provide collateral security to North American in an amount necessary to properly protect North American against any claims and/or potential claims on the Bonds, expenses, and attorneys' fees;

(4) By entering a judgment against the Defendants, jointly and severally, for any and all amounts that might be adjudged against North American, plus interest, costs, attorneys' fees and any other incurred expenses; and

(5) By granting North American such other and further relief that the Court deems just and proper.

                          Respectfully submitted,
                          North American Specialty Insurance Co.,
                          By its attorneys,

                          _____
                          Bradford R. Carver, BBO #565396
                          CETRULO & CAPONE LLP
                          Two Seaport Lane, 10th Floor
                          Boston, MA 02210
                          (617) 217-5500

Dated: July 9, 2004

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
North American Specialty Insurance Company

### DEFENDANTS
Medford Electrical Contracting Corporation; Giacalone, John B.

(b) County of Residence of First Listed Plaintiff **Hillsborough, NH**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Bradford R. Carver, Esq. (617) 217-5500
Cetrulo & Capone, LLP
Two Seaport Lane, Boston, MA 02210

Attorneys (If Known)
**04-11552 RGS**

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PLF | DEF | | PLF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | | ☐ 460 Deportation |
| ☐ 151 Medicare Act | | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☒ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / Habeas Corpus: | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights / ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | / ☐ 550 Civil Rights | | | |
| | / ☐ 555 Prison Condition | | | |

### V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. §1332, indemnity, breach of contract, specific performance, quia timet, negligent misrepresentation, fraud.

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ **$203,420.99**
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

### VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____
DOCKET NUMBER _____

DATE _____
SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) North American Specialty Insurance Company v. Medford Electrical Contracting Corporation, and John B. Giacalone

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ☐ II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,       *Also complete AO 120 or AO 121
          740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.         for patent, trademark or copyright cases

   ☑ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
          315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
          380, 385, 450, 891.

   ☐ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
          690, 810, 861-865, 870, 871, 875, 900.

   ☐ V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐    NO ☑

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ☐    NO ☑

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐    NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐    NO ☑

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ☑    NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division ☑     Central Division ☐     Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division ☐     Central Division ☐     Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES ☐    NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Bradford R. Carver, Esq.
ADDRESS  Cetrulo & Capone LLP  Two Seaport Lane, 10th Floor  Boston, MA 02210
TELEPHONE NO.  (617) 217-5500

(Coversheetlocal.wpd - 10/17/02)